SCRIBNER *v.* THE TOWN OF HOLLIS.

Generally, highway surveyors have no authority to bind the towns in which they reside, for their own and the labor of others, without express authority had from a majority of the board of selectmen. A contrary usage, however long tolerated, will not be construed to repeal the positive rules of statute law.

Where a contract is illegal, or invalid in law, the payment of money into court gives it no validity.

Where the contract is not illegal the payment of money into court upon a general in debitatus assumpsit, will be no admission of a contract beyond the amount paid in.

ASSUMPSIT for work and labor, performed by the defendant from January 9, to February 8, 1867, upon the highway, $20.25. The writ

contained the common money counts, and was dated March 23, 1867. The writ also contained one count on account annexed. The defendant has paid into court ·under the common rule, $11.50, and pleaded the general issue as to the balance. The money was paid ·into court May 9, 1867.

It appeared that the plaintiff acted as highway surveyor in one of the highway districts in said Hollis, from March, 1866, to March, 1867; that he had expended all the money raised for the repair of highways in that district, as contained in his warrant, before any of this labor was performed, which was in shovelling snow in the highways in his district that winter, for which he had charged the town 25 cents per hour, and that he had hired one hour's work done for which he paid 25 cents, and that the balance of the labor charged had been done by him personally.

It did not appear that he had been authorized or requested to render these services by the selectmen of the town. The claim in this action was presented to one of the selectmen before suit, and no objection was made by him to its payment, otherwise than it was not customary to pay such bills the same season.

The price allowed for labor upon the highways in that town was 12 1-2 cents per hour, and that was the price per hour which the plaintiff was ordered in his warrant to allow per hour to each man in working out his tax.

Upon this evidence the defendant moved for a nonsuit, whereupon the plaintiff offered to prove that for twenty years prior to the date of these charges, highway surveyors in said town had been in the habit of working on the roads in their districts in the winter, and charging their services to the town; and that upon presenting their bills to the selectmen they had been adjusted by them. A similar bill for plaintiff's services in March and April, 1867, was paid.

To this evidence defendant objected, but the court *pro forma* admitted it, and defendant excepted.

Thereupon the motion for a nonsuit was renewed and was granted by the court, and plaintiff excepted.

The questions of law thus raised were reserved. ·

*W. W. Bailey*, for plaintiff.

I. By paying money into court the defendants conclusively admitted every fact which the plaintiff would be obliged to prove in order to recover that money, even upon the several counts. 1 Greenleaf Ev. sec. 205, and cases cited; 9 Bacon's Abridgment 350, and cases cited; Wait's Law and Practice 384, and cases cited; *Buzzell* v. *Snell*, 25 N. H. 474; *Howell* v. *Holland*, 6 Gray 418; *Hubbard* v. *Knous*, 7 Cushing 556.

But by filing the specification under the rule obtained by the defendant, the declaration became amended so that substantially there was but one count in the declaration. *Benedict* v. *Swain*, 43 N. H. 33; *Saunders* v. *Osgood*, 46 N. H. 22, and cases cited.

If surprised by the specification the defendant could have moved to

amend the rule; *Freeze* v. *Marston*, 5 N. H. 220; but permitting the money to remain without objection, made it the same as if paid in after the specification was furnished, and as if there had been but one count in the declaration. But the defendant was not surprised, for the specification was the same as the account annexed, and consequently the defendant had had notice of it from the commencement of the suit, and well knew for what the suit was brought. In other words, the liability of the town to Scribner for labor upon the highway was conclusively admitted and the only question at issue was as to the value of the labor.

II. The selectmen had power, and it was their duty in a case like this, after the taxes had been all expended in the district, to keep the roads in such condition as not to expose the town to indictment or liability for damage, at the expense of the town under their general powers. The selectmen *may* order taxes to be worked out in other districts in "any case of unforeseen accident." Rev. Stats. sec. 11, ch. 55. In no sense could this be regarded as unforeseen accident when taken in connection with the fact that the town had been accustomed to pay for such services for a long series of years. *Wells* v. *Goffstown*, 16 N. H. 53, if sound law, does not apply to the circumstances of this case. The statute upon which that decision is founded refers to ordinary repairs of highways in the summer, and sec. 7, ch. 57, Rev. Stats., does not put incumbrances from snow on the same ground.

There is a legal presumption in favor of the acts of public officers that they are authorized by the exigencies of the case. *Thornton* v. *Campton*, 18 N. H. 20.

The selectmen did not deny the validity of the bill when presented, but indirectly admitted it, which taken in connection with the long custom of the town to pay for such services, and also with the further fact that the selectmen had actually paid a similar bill, furnished evidence from which the jury might have returned a verdict for the plaintiff upon this part of the case.

*A. W. Sawyer*, for defendant.

I. The authority or power of highway surveyors is derived from the statute. They are the creatures of statute law. 1. They can expend the money named in their warrant for the repairs of highways in their district. 2. Any sum remaining unexpended in the warrant, by order of the selectmen may be expended in another district. 3. Selectmen have no power to order a surveyor to expend money on the highways, beyond the sum named in the warrant, until the several surveyors of towns have expended all the money in their respective warrants. *Wells* v. *Goffstown*, 16 N. H. 53; *Rollins* v. *Chester*, 46 N. H. 414.

II. Here is an attempt on the part of this plaintiff, as surveyor, at his own motion, to charge this town. If he can do so, other surveyors can also, and the question will be where is the limit? This surveyor at-

tempts to do what the selectmen could not do, charge the town for a sum
expended in the highways beyond the sum named in his warrant, for it
does not appear that all the money raised by the town for the repairs of
highways, and assigned to the several surveyors, had been expended.
Nor was he authorized by the selectmen to so expend money.    A sur-
veyor of highways cannot recover compensation of the town for his offi-
cial services.   Where a highway tax is raised to be  expended in labor,
&c., a surveyor of highways cannot charge the town for work performed
by himself, at his own discretion.   *Sikes* v. *Hatfield*, 13 Gray 346 ;
*Loker* v. *Brookline*, 13 Pick. 349 ; *Rollins* v. *Chester*, 46 N. H.
413 ; *Armstrong* v. *Wendell*, 9 Met. 521 ; *Wells* v. *Goffstown*, 16
N. H. 53.

III.   Suppose the town had for twenty years allowed bills similar to
the plaintiff's.   "There are many things in the management of town
affairs, which are done without objection, and pass by general consent,
which cannot, where objection is made, and they are brought to the test
of judicial investigation, be supported as strictly legal."   *Sikes* v. *Hat-
field*, 13 Gray 353.

Suppose the town of Hollis had allowed its selectmen, for twenty
years, to use the money of the town, to celebrate a great and good event
on 4th of July, would an unlawful expenditure of the money of the town
by usage, make it lawful, however long continued?   "Abuses of power
and violations of right derive no sanction from time or custom."   *Hood*
v. *Lynn*, 1 Allen 106.

A general usage, which would control the rules of law, is inadmissi-
ble.   *Strong* v. *Bliss*, 6 Met. 395 ; *Homer* v. *Dorr*, 10 Mass. 28 ;
*Edie* v. *East India Co.*, 2 Burr 1216 ; *Hone* v. *Mut. Safety Ins.
Co.*, 1 Sandf. S. C. R. 137 ; *Dewers* v. *Lockmart*, 1 Texas 535 ;
*Shackelford* v. *New Orleans*, &c., R. R., 37 Miss. 202 ; *Ingle-
bright* v. *Hammond*, 19 Ohio 337 ; *Frye* v. *Leighton*, 22 N. H. 71 ;
*U. S.* v. *McDaniel*, 7 Peters 1 ; *Woodruff* v. *Merchants' Bank*, 25
Wend. 674.

IV.   By paying money into court upon the common rule, the defend-
ant acknowledges his liability to the action, and to the recovery by the
plaintiff of so much as is paid in by the defendant ; it does not preclude
him from taking *any objection to the action beyond that sum*.   *Cox
et al.* v. *Parry*, 1 T. R. 464 ; *Huntington* v. *American Bank*, 6
Pick. 347.   It does not admit beyond the amount paid in.   *Stovel* v.
*Brewin et al.*, 2 Barn. & Ald. 117 ; 2 Wend. 431 ; *Spalding* v.
*Vandercook*, 2 Arch. Prac. 202, and cases cited.   It does not deprive
the defendant of the benefit of the statute of limitations, as to the resi-
due of the plaintiff's demand.   *Long* v. *Greville*, 4 D. & R. 632 ;
3 B. & C. 10 ; *Reid* v. *Dickens*, 5 B. & Ad. 499 ; *Sherwood* v.
*Hay*, 5 A. & E. 390 ; *Lechmere* v. *Fletcher*, 1 C. & M. 623.

If the plaintiff, after money has been paid into court, proceed in his
action, it is at his peril.   The sum paid in must be considered *as strick-
en* out of the declaration.   It is for so much a defence, and unless the

plaintiff prove a sum due beyond what is paid, the verdict should be for defendant. Colby's Practice ch. 19, p. 219; see Rules of Court; *Bank* v. *Sutherland*, 3 Cowen 338.

The plaintiff stands in much the same situation as regards the residue of his demand, as he would have done if the defendant had never acquiesced in any part of it; he may, therefore, be nonsuited, or there may be a judgment as in case of nonsuit, &c., and the case goes on in the same manner as if the money had not been paid in at all. Colby's Practice ch. 19, p. 219; *Kabell* v. *Hudson*, 4 Term R. 10; *Churchill* v. *Day*, 3 Man. & Ryl. 71.

In *Rucker* v. *Palsgrave*, 1 Taunt. 420, on an action upon valued policy of insurance, the defendant paid money into court. The plaintiff contended, as contract admitted the value, and payment of money into the court admitted the contract, the defendant had made an admission, which was *prima facie* a case for plaintiff, and the burden was on the defendant to show a loss less than the whole policy. *Mansfield, C. J.*, nonsuited the plaintiff, holding a different doctrine.

Payment of money into court upon a general indebitatus assumpsit, is no admission of a contract beyond the amount paid in. *Seaton* v. *Benedict*, 5 Bing. 28.

If the contract is illegal or *invalid*, the payment of money into court gives it no validity. 1 Greenl. Ev. ch. 11, sec. 205; *Cox* v. *Parry*, 1 Term R. 464; 2 East 134; *Ribbans* v. *Crocker*, 1 B. & P. 264.

Where money has been paid into court, the defendant may (if the plaintiff proceeds with the trial,) protect himself by matters such as payment, satisfaction, infancy, release, &c. *Godsall* v. *Bolden*, 9 East 72, 79; *Bell* v. *Ansley*, 16 East 146; *Blackburn* v. *Schales*, 2 Camp. 341; *Hitchcock* v. *Tyson*, 2 Esp. R. 481, note; and thus cut the demand down to the amount paid in.

If the defendant in assumpsit containing the money counts and for use and occupation pays part of the sum demanded into court, without specifying to which of the counts the payment is to be applied, such payment is an admission only that the defendant owes the plaintiff on some one or several of the counts the sum so paid, but is not an admission of any particular contract or debt under any one of the counts, nor of a liability on all of them. *Hubbard* v. *Knous et al.*, 7 Cush. 556.

NESMITH, J. The most important question arising here for our consideration is, whether the town of Hollis was legally bound to pay the plaintiff's claim. Upon a fair construction of the language of chap. 55 of the Revised Statutes, and the decisions had in this State and elsewhere, upon claims similar in character to the plaintiff's, we think the town was not bound in law to pay for any part of this labor. The plaintiff has failed to show any contract, or any request emanating from a majority of the selectmen, which can bind the defendant. *Woods* v. *Dennett*, 9 N. H. 57; *Rollins* v. *Chester*, 46 N. H. 414; *Wells* v. *Goffstown*, 16 N. H. 53; *Andover* v. *Grafton*, 7 N. H. 304; *Otis* v. *Strafford*, 10 N. H. 354; *Burbank* v. *Piermont*, 44 N. H. 44.

It has not been the policy of our courts to extend the power or authority exercised by one of the selectmen upon subjects of this kind, beyond the doctrine laid down in *Lee* v. *Deerfield*, 3 N. H. 290, where it is stated, that if the assent of the majority of a board of selectmen may ever be *presumed* to matters other than merely formal, it must be in cases where such prompt action is necessary, that it would be impossible to convene the board, or where the actual inconvenience of a previous consultation would practically amount to an impossibility.

But it is said, there has been a general usage which has been long established in Hollis to allow their highway surveyors to furnish their own services, and to employ others, and to pay for their labor, without the special authority of the selectmen first had and obtained. If such usage has been tolerated, it is enough for us to say that it cannot be now so construed as to repeal or violate the positive rules of statute law. *Rogers* v. *Allen*, 47 N. H. 529, and other cases there cited, and in defendant's brief. We favor the breach, rather than the observance, of such usage. We do not think this case one where the assent of the other selectmen ought to be presumed. But if under the circumstances, we should allow the existence of the usage to prevail, as claimed by plaintiff, still it will be seen that he fails to bring his case within the range of it; upon his own grounds he brings his action prematurely.

In any point of view, the claim set up by plaintiff cannot be sustained, and must be rejected as illegal. Where the contract is illegal or invalid, the payment of money into court gives it no validity. 1 Greenl. Ev. sec. 205; *Cox* v. *Parry*, 1 Term R. 464; *Hitchcock* v. *Tyson*, 2 Esp. Rep. 481; *Rucker* v. *Palsgrave*, 1 Taunt. 420; *Ribbans* v. *Crockett*, 1 B. & Pull. 264; *Hubbard* v. *Knous*, 7 Cush. 556. Generally, where the contract is not illegal, payment of money into court upon a general indebitatus assumpsit is no admission of a contract beyond the amount paid in. *Seaton* v. *Benedict*, 5 Bing. 28.

There must be

*Judgment for defendant.*